UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN HERTZLER,                           :
     Plaintiff                          :
                               :
     vs.                                :   CIVIL NO. 1:12-CV-0534
                               :
                               :
WEST SHORE SCHOOL DISTRICT,         :
*et al.*,                                  :
     Defendants                         :
                               :

*M E M O R A N D U M*

I.       *Introduction*

       We are considering a motion to dismiss filed by Defendants, West Shore

School District ("District"), Tammi Jones, and Jemry Small.  This case involves

disciplinary action taken against Plaintiff, principal of the New Cumberland Middle

School.  Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging violations of

her First and Fourteenth Amendment rights.

II.     *Background*

       The following facts are set forth in Plaintiff's complaint and are taken as

true, as they must be when considering a motion to dismiss.  Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  Plaintiff has been employed by the District

for nine years.  (Doc. 23, ¶ 9).  Her immediate supervisor is Defendant Jones, the

District's Director of Secondary Education.  (Id. at ¶ 14).  Defendant Jones is supervised

by Defendant Small, Superintendent of the District.  (Id. at ¶¶ 7, 15).  Defendant Jones

investigated a harassment claim made against Plaintiff.  Plaintiff was "verbally and

vaguely instructed to keep the pending harassment investigation confidential."  (Id. at ¶

53).  Upon the conclusion of the investigation, Plaintiff believed that she was free to

discuss the results of the investigation and disclosed that she was found not to have

engaged in harassment.  (Id. at ¶¶ 55, 57).  On January 10, 2012, Defendant Small met

with Plaintiff to discuss whether she had committed a breach of confidentiality, and

Plaintiff was given an opportunity to respond.  (Id. at ¶¶ 59, 60).  On January 17, 2012,

Defendant Small sent Plaintiff a letter informing her that she would be suspended without

pay for three days beginning January 18, 2012.  (Id. at ¶ 62).  On January 20, 2012,

Plaintiff hired legal counsel to appeal the suspension.  (Id. at ¶ 63).  Also in January

2012, Jones gave Plaintiff a "highly critical" mid-year evaluation, which Plaintiff alleges

was in retaliation for hiring legal counsel and petitioning the District to overturn her

suspension.  (Id. at ¶¶ 71, 72).

           A staff member at the middle school alerted Defendants Jones and Small

that there was money missing from a student activity fund used to pay for a trip to New

York.  (Id. at ¶ 86).  Plaintiff was responsible for approving student activities and field

trips, but she was not responsible for the disbursement of funds from student accounts.

(Id. at ¶ 97).  On March 9, 2012, Plaintiff was asked to report to the District's

Administrative Offices.  She met with Defendant Jones, who gave her a three-page letter

discussing the missing funds and her obligation to oversee the funds.  The letter also

noted that Plaintiff would be suspended without pay for five days and would be required to repay the District for the money missing from the fund.  Plaintiff alleges she was "stupefied by being blindsided on a late Friday afternoon with three pages of written charges of misconduct that she was unable to comprehend in a moment's time."  (Id. at ¶ 109).  Defendant Jones did not ask any questions regarding the letter and "moved the meeting along without granting Plaintiff any time to comprehend the allegations leveled against her."  (Id. at ¶ 109).  Plaintiff asserts she was not given a "meaningful opportunity" to respond to the charges, and Defendants Small and Jones "intentionally prohibited [her] from fully comprehending the charges . . ."  (Id. at ¶¶ 120. 125).  She alleges that the charges were a result of her hiring a lawyer to attempt to overturn her three-day suspension.  (Id. at ¶ 122).

Following the March 9 meeting, Plaintiff's counsel sought to interview witnesses regarding the allegedly missing funds, but Defendants Small and Jones, through the District's attorney, explained that Plaintiff "would be disciplined or discharged for intimidating witnesses."  (Id. at ¶ 136).  Plaintiff filed a complaint pursuant to District Policy 326 against Small and Jones based on their refusal to allow her to interview witnesses.  (Id. at ¶ 145).  Pursuant to the procedure for a Policy 326 complaint, the matter was investigated by Defendant Small.  Plaintiff asked to bring her complaint before the District's Board of Directors, to avoid having Small involved in the case.  The Board of Directors denied this request.  Small began investigating the complaint, "unreasonably demand[ing] that Plaintiff answer in detail numerous questions that were

not germane to her 326 complaint." (Id. at ¶ 152).  To avoid harassment from Small,

Plaintiff withdrew her complaint.  (Id. at ¶ 154).  Small and Jones continued to insist that

Plaintiff answer questions concerning the student activity funds.  (Id. at ¶ 155).

Defendants Small and Jones included the mishandling of these funds in Plaintiff's

performance evaluation.  (Id. at ¶ 161).

Plaintiff has sued Defendants for violating her First Amendment right of

freedom of association and to petition the government for redress of grievances, and for

violation of her due process rights pursuant to the Fourteenth Amendment.  Defendants

have moved to dismiss.

III.       Discussion

          A.  Standard of Review

          Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim

upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).   While a complaint

need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and

detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead

"enough facts to state a claim to relief that is plausible on its face."  Id. at 570.   "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).   "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.  Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210.   First, we separate the factual elements from the legal elements and disregard the legal conclusions.  Id. at 210-11.   Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at  211 (quoted case omitted).

*B. First Amendment Retaliation Claim*

To bring a retaliation claim, a plaintiff must allege three things:  "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."  Thomas v. Independence Twp., 463 F.3d 265, 296 (3d. Cir. 2006).  We will examine each claim in turn.

*1. Petitioning*

Plaintiff asserts that Defendants retaliated against her for petitioning the School Board to review her suspensions.  Public employees who a make retaliation claim

for protected activity must show that they were speaking as citizens about a matter of

public concern.  See Borough of Duryea v. Guarnieri, – U.S. –, 131 S. Ct. 2488, 2495,

2501 (2011) (finding the public concern test should be adopted for public employee

retaliation claims where the plaintiff's protected activity was petitioning).  "If a public

employee petitions as an employee on a matter of purely private concern, the

employee's First Amendment interest must give way."  Guarnieri, 131 S. Ct. at 2500.

The Petition Clause "is not a right to transform everyday employment disputes into

matters for constitutional litigation in the federal courts."  Id., at 2501.   The Supreme

Court has cautioned that "while the First Amendment invests public employees with

certain rights, it does not empower them to 'constitutionalize the employee grievance.'"

Garcetti v. Ceballos, 547 U.S. 410, 420, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)

(quoting Connick v. Myers, 461 U.S.138, 154, 103 S. Ct. 1684, 75 L. Ed. 2d 708).

        Whether Plaintiff's speech involves an issue of public concern is

determined by "the content, form, and context of [the petition], as revealed by the whole

record."  Guarnieri, 131 S. Ct. at 2501 (citing Connick, 461 U.S. at 147-48).  Additionally,

the forum where the petition is brought is of significance.  Id.  "A petition filed with an

employer using an internal grievance procedure in many cases will not seek to

communicate to the public or to advance a political or social point of view beyond the

employment context."  Id.  Plaintiff argues that the record is not complete at the motion to

dismiss phase, and determining whether Plaintiff's activities involved a matter of public

concern should await discovery.  We disagree, finding that the Third Circuit has affirmed

District Court decisions to dismiss claims, before discovery, that did not involve a matter of public concern.  See Morris v. Phila. Housing Auth., 2012 U.S. App. LEXIS 13774 (3d Cir. 2012); Brown v. Montgomery County, 470 Fed. App'x 87 (3d Cir. 2012).

Plaintiff's complaint notes three activities that she asserts are protected: her appeal of the three-day suspension, her Policy 326 complaint against Defendants Small and Jones, and the instant lawsuit.

Plaintiff was suspended for three days for revealing the results of the harassment investigation.  She asserts that her appeal of this suspension is a protected activity.  We find, however, that Plaintiff has failed to meet the public concern requirement for this activity to be considered constitutionally protected conduct.  Plaintiff's appeal relates to a workplace dispute of a purely private concern: her suspension for the alleged violation of a confidentiality policy.  Her appeal does not communicate to the public "a political or social point of view beyond the employment context." Guarnieri, 131 S. Ct. at 2501.

Plaintiff's Policy 326 complaint "petitioned the School Board to intervene and assist [her] in being granted the opportunity to investigate the charges levied against her relevant to her five (5) day suspension without pay and the directive that she pay the school district $685 for money thought to be missing . . ." (Doc. 23, ¶ 188).  Plaintiff's complaint related to an allegedly unfair investigation of her five-day suspension.  While Plaintiff argues that her petition involved a matter of public concern because it dealt with the lack of supervision of student funds by Small and Jones, in fact her petition was

made for Plaintiff's own purposes and not in the interest of the public. See Gaj v. U.S.

Postal Serv., 800 F.2d 64 (3d Cir. 1986).  This, like the appeal of her three-day

suspension, is a purely private matter.  Her complaint does "not seek to communicate to

the public or to advance a political or social point of view beyond the employment

context." Guarnieri, 131 S. Ct. at 2501.

   The final petitioning activity Plaintiff notes in her complaint is the filing of the

present law suit.  We find that this, too, is a matter of private concern that does not

require protection under the First Amendment.  Even if the present action involved a

matter of public concern, Plaintiff failed to allege any retaliatory actions by Defendants

following the filing of her lawsuit.

### 2. Freedom of Association

   Plaintiff alleges that Defendants retaliated against her after she hired

counsel following her first suspension, in violation of her right of freedom of association.

Defendants argue that we should apply the public concern test to determine whether

Plaintiff's right of association is protected First Amendment conduct.  Plaintiff contends

that the public concern test should not be applied.  The Third Circuit has not yet

determined whether the public concern test should be applied in the context of

association, and the circuits are split on the issue.  See Bell v. City of Philadelphia, 275

Fed. App'x 157, 160 (3d Cir. 2008) (nonprecedential).  However, we do not find it

necessary to weigh in on this debate, because Plaintiff's association claim is simply an

extension of her petition claim; Plaintiff retained counsel in an effort to petition the

government.  In such a situation, we find it appropriate to apply the public concern test.

See Sanguigni v. Pittsburgh Bd. of Public Educ., 968 F.2d 393, 400 (3d Cir. 1992)

(applying the public concern test to an association claim that was based on speech

under factual circumstances similar to those in the Supreme Court case creating the

public concern test); Bell, 275 Fed. App'x at 160 (finding "as Bell's associational claim is

barely an extension of his free speech claim, we have no problem applying the public

concern requirement in this context.").  As explained above, Plaintiff's association with

counsel relating to the appeal of her suspension and advancing her complaint against

her superiors is not a matter of public concern.  Plaintiff's conduct is therefore not

constitutionally protected and her claim fails.

### C. Fourteenth Amendment Due Process Claim

Plaintiff also brings a claim asserting Defendants violated her right to due

process by failing to give her an opportunity to respond before suspending her for five

days without pay, and requiring her to pay $685 to the School District to replace the

missing funds.  On March 9, 2012, Plaintiff was called to a meeting at the administrative

office of the District.  During that meeting, Defendant Jones gave Plaintiff a three-page

letter and asked her to read over it.  The letter described the missing funds and Plaintiff's

obligation to oversee student funds.  It also indicated that Plaintiff would be suspended

for five days.  Plaintiff requested her counsel to be present, but that request was denied.

Upon reading the letter, Plaintiff was "overcome with anxiety, stupefied by being

blindsided on a late Friday afternoon . . ." (Doc. 23, ¶ 109).

To bring a claim under § 1983 for a violation of due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Defendants argue that Plaintiff's due process claim fails under the second prong, because Plaintiff was not entitled to notice and an opportunity to be heard prior to her suspension.

"'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" Biliski v. Red Clay Consol. Sch. Dist. Bd. Of Educ., 574 F.3d 214, 220 (3d Cir. 2009) (quoting Gilbert v. Homar, 520 U.S. 924, 930, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)). Due process is not always required prior to the deprivation of property. See id. (quoting Parratt v. Taylor, 451 U.S. 527, 540, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). To determine what process is due, we examine the following factors: 1) Plaintiff's interest in her salary for five days and the claim for $685; 2) the District's interest in expeditiously disciplining unsatisfactory employees and "the avoidance of administrative burdens;" and 3) the risk of erroneous deprivation. Id. at 221 (quoting Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 543, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

Plaintiff has an interest in her salary and the claim for $685, but not a strong interest. The Third Circuit has found that "'lost income is relatively insubstantial'

as compared to the 'severity of depriving someone of the means of his livelihood.'"

Espinosa v. County of Union, 212 Fed App'x 146, 155 (3d Cir. 2007) (citing Gilbert v.

Homar, 520 U.S. 924, 932, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)).  Next, we look to

the government's interest.  The School District has a significant interest in promptly

disciplining employees that are alleged to have allowed the misappropriation of school

funds.  A predeprivation hearing would prevent the risk of error and a postdeprivation

hearing would allow for any wrongful deprivation to be corrected promptly.

We find that the present circumstances require a minimal amount of

process.  The March 9th meeting provided Plaintiff with notice of the charges against her.

Although she contends that in her "stupefied" state she was not able to dispute the

charges, she does not allege that Jones prevented her from responding to the charges

during the meeting.

Even if the meeting was insufficient to meet the requirements of due

process, a predeprivation hearing in these circumstances was not necessary.  See

Espinosa v. County of Union, 212 Fed App'x 146, 155 (3d Cir. 2007) ("a temporary

suspension without pay generally does not require a predeprivation hearing") (citation

omitted).  Plaintiff does not allege that she sought postdeprivation relief or that such relief

was unavailable.  Without these allegations, Plaintiff fails to state a claim.

*D.  Claims Against the District*

Defendants' final argument is that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 against the District.  Because we find that all of Plaintiff's claims fail, we need not address this argument.

*IV.*     *Conclusion*

For the reasons above, Defendants' motion to dismiss will be granted.  As required, Plaintiff will be granted leave to amend her complaint.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN HERTZLER,                          :
      Plaintiff                          :
                         :
       vs.                                :   CIVIL NO. 1:12-CV-0534
                         :
                         :
WEST SHORE SCHOOL DISTRICT,              :
*et al.*,                                :
      Defendants                         :
                         :

*O R D E R*

AND NOW, this 10th day of September, 2012, upon consideration of

Defendants' motion to dismiss (doc. 27), and Plaintiff's response thereto, and pursuant to

the accompanying Memorandum, it is ordered that said motion is GRANTED and

Plaintiff's complaint is dismissed.  Plaintiff is given leave to file an amended complaint

within twenty days hereof, if she desires to do so.

                                     /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge