UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN HERTZLER, :
    Plaintiff :
:
    vs. : CIVIL NO. 1:12-CV-0534
:
:
WEST SHORE SCHOOL DISTRICT, :
*et al.*, :
    Defendants
:
:

*M E M O R A N D U M*

*I.*    *Introduction*

We are considering a motion to dismiss filed by Defendants, West Shore School District ("District"), Tammi Jones, and Jemry Small. This case involves disciplinary action taken against Plaintiff, principal of the New Cumberland Middle School. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging violations of her First and Fourteenth Amendment rights.

*II.*    *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff has been employed by the District for nine years. (Doc. 23, ¶ 9). Her immediate supervisor is Defendant Jones, the District's Director of Secondary Education. (Id. at ¶ 14). Defendant Jones is supervised

by Defendant Small, Superintendent of the District.  (Id. at ¶¶ 7, 15).  Defendant Jones investigated a harassment claim made against Plaintiff.  Plaintiff was "verbally and vaguely instructed to keep the pending harassment investigation confidential."  (Id. at ¶ 53).  Upon the conclusion of the investigation, Plaintiff believed that she was free to discuss the results of the investigation and disclosed that she was found not to have engaged in harassment.  (Id. at ¶¶ 55, 57).  On January 10, 2012, Defendant Small met with Plaintiff to discuss whether she had committed a breach of confidentiality, and Plaintiff was given an opportunity to respond.  (Id. at ¶¶ 59, 60).  On January 17, 2012, Defendant Small sent Plaintiff a letter informing her that she would be suspended without pay for three days beginning January 18, 2012.  (Id. at ¶ 62).  On January 20, 2012, Plaintiff hired legal counsel to appeal the suspension.  (Id. at ¶ 63).  Also in January 2012, Jones gave Plaintiff a "highly critical" mid-year evaluation, which Plaintiff alleges was in retaliation for hiring legal counsel and petitioning the District to overturn her suspension.  (Id. at ¶¶ 71, 72).

A staff member at the middle school alerted Defendants Jones and Small that there was money missing from a student activity fund used to pay for a trip to New York.  (Id. at ¶ 86).  Plaintiff was responsible for approving student activities and field trips, but she was not responsible for the disbursement of funds from student accounts.  (Id. at ¶ 97).  On March 9, 2012, Plaintiff was asked to report to the District's Administrative Offices.  She met with Defendant Jones, who gave her a three-page letter discussing the missing funds and her obligation to oversee the funds.  The letter also

2

noted that Plaintiff would be suspended without pay for five days and would be required to repay the District for the money missing from the fund. Plaintiff alleges she was "stupefied by being blindsided on a late Friday afternoon with three pages of written charges of misconduct that she was unable to comprehend in a moment's time." (Id. at ¶ 109). Defendant Jones did not ask any questions regarding the letter and "moved the meeting along without granting Plaintiff any time to comprehend the allegations leveled against her." (Id. at ¶ 109). Plaintiff asserts she was not given a "meaningful opportunity" to respond to the charges, and Defendants Small and Jones "intentionally prohibited [her] from fully comprehending the charges . . ." (Id. at ¶¶ 120. 125). She alleges that the charges were a result of her hiring a lawyer to attempt to overturn her three-day suspension. (Id. at ¶ 122).

Following the March 9 meeting, Plaintiff's counsel sought to interview witnesses regarding the allegedly missing funds, but Defendants Small and Jones, through the District's attorney, explained that Plaintiff "would be disciplined or discharged for intimidating witnesses." (Id. at ¶ 136). Plaintiff filed a complaint pursuant to District Policy 326 against Small and Jones based on their refusal to allow her to interview witnesses. (Id. at ¶ 145). Pursuant to the procedure for a Policy 326 complaint, the matter was investigated by Defendant Small. Plaintiff asked to bring her complaint before the District's Board of Directors, to avoid having Small involved in the case. The Board of Directors denied this request. Small began investigating the complaint, "unreasonably demand[ing] that Plaintiff answer in detail numerous questions that were

not germane to her 326 complaint." (Id. at ¶ 152). To avoid harassment from Small, Plaintiff withdrew her complaint. (Id. at ¶ 154). Small and Jones continued to insist that Plaintiff answer questions concerning the student activity funds. (Id. at ¶ 155). Defendants Small and Jones included the mishandling of these funds in Plaintiff's performance evaluation. (Id. at ¶ 161).

Plaintiff has sued Defendants for violating her First Amendment right of freedom of association and to petition the government for redress of grievances, and for violation of her due process rights pursuant to the Fourteenth Amendment. Defendants have moved to dismiss.

III.     Discussion

   A. Standard of Review

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).   "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.  Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210.   First, we separate the factual elements from the legal elements and disregard the legal conclusions.  Id. at 210-11.   Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at  211 (quoted case omitted).

*B.  First Amendment Retaliation Claim*

To bring a retaliation claim, a plaintiff must allege three things:  "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."  Thomas v. Independence Twp., 463 F.3d 265, 296 (3d. Cir. 2006).  We will examine each claim in turn.

*1.  Petitioning*

Plaintiff asserts that Defendants retaliated against her for petitioning the School Board to review her suspensions.  Public employees who a make retaliation claim

for protected activity must show that they were speaking as citizens about a matter of public concern. See Borough of Duryea v. Guarnieri, – U.S. –, 131 S. Ct. 2488, 2495, 2501 (2011) (finding the public concern test should be adopted for public employee retaliation claims where the plaintiff's protected activity was petitioning). "If a public employee petitions as an employee on a matter of purely private concern, the employee's First Amendment interest must give way." Guarnieri, 131 S. Ct. at 2500. The Petition Clause "is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts." Id., at 2501. The Supreme Court has cautioned that "while the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" Garcetti v. Ceballos, 547 U.S. 410, 420, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006) (quoting Connick v. Myers, 461 U.S.138, 154, 103 S. Ct. 1684, 75 L. Ed. 2d 708).

Whether Plaintiff's speech involves an issue of public concern is determined by "the content, form, and context of [the petition], as revealed by the whole record." Guarnieri, 131 S. Ct. at 2501 (citing Connick, 461 U.S. at 147-48). Additionally, the forum where the petition is brought is of significance. Id. "A petition filed with an employer using an internal grievance procedure in many cases will not seek to communicate to the public or to advance a political or social point of view beyond the employment context." Id. Plaintiff argues that the record is not complete at the motion to dismiss phase, and determining whether Plaintiff's activities involved a matter of public concern should await discovery. We disagree, finding that the Third Circuit has affirmed

District Court decisions to dismiss claims, before discovery, that did not involve a matter of public concern. See Morris v. Phila. Housing Auth., 2012 U.S. App. LEXIS 13774 (3d Cir. 2012); Brown v. Montgomery County, 470 Fed. App'x 87 (3d Cir. 2012).

Plaintiff's complaint notes three activities that she asserts are protected: her appeal of the three-day suspension, her Policy 326 complaint against Defendants Small and Jones, and the instant lawsuit.

Plaintiff was suspended for three days for revealing the results of the harassment investigation. She asserts that her appeal of this suspension is a protected activity. We find, however, that Plaintiff has failed to meet the public concern requirement for this activity to be considered constitutionally protected conduct. Plaintiff's appeal relates to a workplace dispute of a purely private concern: her suspension for the alleged violation of a confidentiality policy. Her appeal does not communicate to the public "a political or social point of view beyond the employment context." Guarnieri, 131 S. Ct. at 2501.

Plaintiff's Policy 326 complaint "petitioned the School Board to intervene and assist [her] in being granted the opportunity to investigate the charges levied against her relevant to her five (5) day suspension without pay and the directive that she pay the school district $685 for money thought to be missing . . ." (Doc. 23, ¶ 188). Plaintiff's complaint related to an allegedly unfair investigation of her five-day suspension. While Plaintiff argues that her petition involved a matter of public concern because it dealt with the lack of supervision of student funds by Small and Jones, in fact her petition was

made for Plaintiff's own purposes and not in the interest of the public. See Gaj v. U.S. Postal Serv., 800 F.2d 64 (3d Cir. 1986). This, like the appeal of her three-day suspension, is a purely private matter. Her complaint does "not seek to communicate to the public or to advance a political or social point of view beyond the employment context." Guarnieri, 131 S. Ct. at 2501.

The final petitioning activity Plaintiff notes in her complaint is the filing of the present law suit. We find that this, too, is a matter of private concern that does not require protection under the First Amendment. Even if the present action involved a matter of public concern, Plaintiff failed to allege any retaliatory actions by Defendants following the filing of her lawsuit.

### 2. Freedom of Association

Plaintiff alleges that Defendants retaliated against her after she hired counsel following her first suspension, in violation of her right of freedom of association. Defendants argue that we should apply the public concern test to determine whether Plaintiff's right of association is protected First Amendment conduct. Plaintiff contends that the public concern test should not be applied. The Third Circuit has not yet determined whether the public concern test should be applied in the context of association, and the circuits are split on the issue. See Bell v. City of Philadelphia, 275 Fed. App'x 157, 160 (3d Cir. 2008) (nonprecedential). However, we do not find it necessary to weigh in on this debate, because Plaintiff's association claim is simply an extension of her petition claim; Plaintiff retained counsel in an effort to petition the

government.  In such a situation, we find it appropriate to apply the public concern test. See Sanguigni v. Pittsburgh Bd. of Public Educ., 968 F.2d 393, 400 (3d Cir. 1992) (applying the public concern test to an association claim that was based on speech under factual circumstances similar to those in the Supreme Court case creating the public concern test); Bell, 275 Fed. App'x at 160 (finding "as Bell's associational claim is barely an extension of his free speech claim, we have no problem applying the public concern requirement in this context.").  As explained above, Plaintiff's association with counsel relating to the appeal of her suspension and advancing her complaint against her superiors is not a matter of public concern.  Plaintiff's conduct is therefore not constitutionally protected and her claim fails.

*C. Fourteenth Amendment Due Process Claim*

Plaintiff also brings a claim asserting Defendants violated her right to due process by failing to give her an opportunity to respond before suspending her for five days without pay, and requiring her to pay $685 to the School District to replace the missing funds.  On March 9, 2012, Plaintiff was called to a meeting at the administrative office of the District.  During that meeting, Defendant Jones gave Plaintiff a three-page letter and asked her to read over it.  The letter described the missing funds and Plaintiff's obligation to oversee student funds.  It also indicated that Plaintiff would be suspended for five days.  Plaintiff requested her counsel to be present, but that request was denied. Upon reading the letter, Plaintiff was "overcome with anxiety, stupefied by being blindsided on a late Friday afternoon . . ."  (Doc. 23, ¶ 109).

To bring a claim under § 1983 for a violation of due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Defendants argue that Plaintiff's due process claim fails under the second prong, because Plaintiff was not entitled to notice and an opportunity to be heard prior to her suspension.

"'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" Biliski v. Red Clay Consol. Sch. Dist. Bd. Of Educ., 574 F.3d 214, 220 (3d Cir. 2009) (quoting Gilbert v. Homar, 520 U.S. 924, 930, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)). Due process is not always required prior to the deprivation of property. See id. (quoting Parratt v. Taylor, 451 U.S. 527, 540, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). To determine what process is due, we examine the following factors: 1) Plaintiff's interest in her salary for five days and the claim for $685; 2) the District's interest in expeditiously disciplining unsatisfactory employees and "the avoidance of administrative burdens;" and 3) the risk of erroneous deprivation. Id. at 221 (quoting Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 543, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

Plaintiff has an interest in her salary and the claim for $685, but not a strong interest. The Third Circuit has found that "'lost income is relatively insubstantial'

as compared to the 'severity of depriving someone of the means of his livelihood.'" Espinosa v. County of Union, 212 Fed App'x 146, 155 (3d Cir. 2007) (citing Gilbert v. Homar, 520 U.S. 924, 932, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)).  Next, we look to the government's interest.  The School District has a significant interest in promptly disciplining employees that are alleged to have allowed the misappropriation of school funds.  A predeprivation hearing would prevent the risk of error and a postdeprivation hearing would allow for any wrongful deprivation to be corrected promptly.

We find that the present circumstances require a minimal amount of process.  The March 9th meeting provided Plaintiff with notice of the charges against her.  Although she contends that in her "stupefied" state she was not able to dispute the charges, she does not allege that Jones prevented her from responding to the charges during the meeting.

Even if the meeting was insufficient to meet the requirements of due process, a predeprivation hearing in these circumstances was not necessary.  See Espinosa v. County of Union, 212 Fed App'x 146, 155 (3d Cir. 2007) ("a temporary suspension without pay generally does not require a predeprivation hearing") (citation omitted).  Plaintiff does not allege that she sought postdeprivation relief or that such relief was unavailable.  Without these allegations, Plaintiff fails to state a claim.

11

### D. *Claims Against the District*

Defendants' final argument is that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 against the District. Because we find that all of Plaintiff's claims fail, we need not address this argument.

### IV. *Conclusion*

For the reasons above, Defendants' motion to dismiss will be granted. As required, Plaintiff will be granted leave to amend her complaint.

We will issue an appropriate order.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN HERTZLER, :
    Plaintiff :
   :
    vs. : CIVIL NO. 1:12-CV-0534
   :
   :
WEST SHORE SCHOOL DISTRICT, :
*et al.*, :
    Defendants :
   :
   :

*O R D E R*

AND NOW, this 10th day of September, 2012, upon consideration of Defendants' motion to dismiss (doc. 27), and Plaintiff's response thereto, and pursuant to the accompanying Memorandum, it is ordered that said motion is GRANTED and Plaintiff's complaint is dismissed. Plaintiff is given leave to file an amended complaint within twenty days hereof, if she desires to do so.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge