UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN HERTZLER,
    Plaintiff

vs. : CIVIL NO. 1:12-CV-0534

WEST SHORE SCHOOL DISTRICT,
*et al.*,
    Defendants

*M E M O R A N D U M*

*I.*    *Introduction*

We are considering a motion to dismiss the Second Amended Complaint filed by Defendants, West Shore School District ("District"), Tammi Jones, and Jemry Small. This case involves disciplinary action taken against Plaintiff, principal of the New Cumberland Middle School. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging violation of her Fourteenth Amendment right to due process.

*II.*    *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss.[1] Fowler v. UPMC

---

[1] In support of their motion to dismiss, Defendants urge us to consider affidavits and other documents not contained in the complaint. Although Federal Rule of Civil Procedure 12(d) permits us to do so if we treat the motion as one for summary judgment, we decline to do so. We will consider only the facts as set forth in the

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff has worked for the District as a school administrator for nine years. (Doc. 40, ¶ 9). In 2006, she was appointed to be the Principal at New Cumberland Middle School. (Id. at ¶ 11). Her immediate supervisor is Defendant Jones, the District's Director of Secondary Education. (Id. at ¶ 14). Defendant Jones is supervised by Defendant Small, Superintendent of the District. (Id. at ¶ 7).

A staff member at the middle school alerted Defendants Jones and Small that $685 was missing from a student activity fund. (Id. at ¶ 33). On March 9, 2012, Plaintiff was directed to report to the District's Administrative Offices. (Id. at ¶ 42). At the meeting, Defendant Jones gave Plaintiff a three-page letter and instructed Plaintiff to look over it. (Id. at ¶ 51). The letter explained that as a result of the missing funds, Plaintiff would be suspended for five days without pay, and she would be required to repay the missing amount. (Id. at ¶ 52). Plaintiff alleges she was "overcome with anxiety and felt blindsided by being presented with three pages of written charges of misconduct that she was unable to comprehend in a short period of time." (Id. at ¶ 55). Defendant Jones "moved the meeting along without granting Plaintiff any time to comprehend the allegations leveled against her and the reasons for punishing her." (Id. at ¶ 58). Jones "did not offer to answer any questions about the letter and clearly conveyed that she did not invite any questions from Plaintiff because she wanted the meeting to conclude quickly." (Id. at ¶ 57). Plaintiff asserts that the short duration of the meeting did not allow

---

complaint.

her time to respond to the charges. (Id. at ¶ 59). Following the meeting, Plaintiff repaid the missing funds and was suspended without pay for five days. She also alleges the suspension caused a "break in continuous service necessary to sustain her seniority rights to be retained as a principal and/or teacher should furloughs take place reducing the amount of staff." (Id. at ¶ 98).

Following the meeting, Plaintiff requested to speak to her staff about the missing funds, but this request was denied. (Id. at ¶ 75). "Plaintiff became aware that no postdeprivation relief was available to her, in that the School District and their legal counsel began to operate under the principle that no hearing process before the Board of School Directors . . . was available for any disciplinary procedure other than one reviewing a proposed termination of employment." (Id. at ¶ 77). Plaintiff's understanding of this policy was based on her experience during an appeal of a previous suspension. As a result of Plaintiff's appeal, the District held a hearing, during which the District counsel asserted that such a hearing was not required. (Id. at ¶¶ 78-79).

Plaintiff submitted a complaint to the School Board against Defendants Small and Jones, alleging they were treating her unfairly. (Id. at ¶ 84). The complaint focused on the decision not to allow Plaintiff to speak to her staff about the missing funds. (Id. at ¶ 85). The relief Plaintiff requested, to speak with her staff, was denied by the School Board. (Id. at ¶ 86). Plaintiff then "attempted to work with Defendant Small in order to obtain a fair review of Defendants' conduct." (Id. at ¶ 88). She requested that someone other than Small investigate the conduct and findings. (Id. at ¶ 89).

3

On September 10, 2012, we granted Defendants' motion to dismiss and allowed Plaintiff to file an amended complaint. Plaintiff filed an amended complaint on October 1, 2012, alleging Defendants violated her Fourteenth Amendment due process rights. Defendants have moved to dismiss.

*III.        Discussion*

*A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal

conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

*B. Fourteenth Amendment Due Process Claim*

Plaintiff asserts Defendants violated her right to due process by failing to give her an opportunity to respond before suspending her for five days without pay, and requiring her to pay $685 to the School District to replace the missing funds. To bring a claim pursuant to § 1983 for a violation of due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

*1. Property Interest*

The parties do not dispute that Plaintiff has a property interest in her salary and the $685 she was required to repay. Defendants contend that Plaintiff's alleged break in service does not constitute a property interest. Plaintiff's complaint explains that this break in service will affect her "should furloughs take place," or "in the event of a

5

reduction in staff." (Doc. 40, ¶¶ 98-99). She cites a Pennsylvania statute that provides that tenured employees "shall be suspended . . . in inverse order of seniority within the school entity of current employment." 24 P.S. § 11-1125.1(a). Plaintiff neglects to include the portion of the statute that provides that "[s]eniority shall continue to accrue during suspension." 24 P.S. § 11-1125.1(a). The statute makes clear that Plaintiff has suffered no injury to her seniority rights as a result of the suspension. Therefore, we will dismiss Plaintiff's due process claim as to her seniority rights.

### 2. *Procedures Available*

Defendants argue that the procedures available to Plaintiff were sufficient to meet the requirements of due process. "'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" <u>Biliski v. Red Clay Consol. Sch. Dist. Bd. Of Educ.</u>, 574 F.3d 214, 220 (3d Cir. 2009) (quoting <u>Gilbert v. Homar</u>, 520 U.S. 924, 930, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)). Due process is not always required prior to the deprivation of property. See <u>id.</u> (quoting <u>Parratt v. Taylor</u>, 451 U.S. 527, 540, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). To determine what process is due, we examine the following factors: 1) Plaintiff's interest in her salary for five days, the missing funds repaid, and her seniority benefits; 2) the District's interest in expeditiously disciplining unsatisfactory employees and "the avoidance of administrative burdens;" and 3) the risk of erroneous deprivation. <u>Id.</u> at 221 (quoting <u>Cleveland Bd. of Ed. v. Loudermill</u>, 470 U.S. 532, 543, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)).

Although Plaintiff has an interest in her salary, "'lost income is relatively insubstantial' as compared to the 'severity of depriving someone of the means of his livelihood.'" Espinosa v. County of Union, 212 Fed App'x 146, 155 (3d Cir. 2007) (citing Gilbert v. Homar, 520 U.S. 924, 932, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)). The District has a significant interest in promptly disciplining employees that are alleged to have misappropriated school funds. In the context of a suspension without pay, a predeprivation hearing would prevent the risk of error, but a postdeprivation hearing would allow for any wrongful deprivation to be corrected.

The Supreme Court has instructed that

> in determining what process is due, account must be taken of "the *length*" and "*finality* of the deprivation." Unlike the employee in *Loudermill,* who faced *termination,* respondent faced only a *temporary suspension* without pay. So long as the suspended employee receives a sufficiently prompt postsuspension hearing, the lost income is relatively insubstantial (compared with termination), and fringe benefits such as health and life insurance are often not affected at all.

Gilbert, 520 U.S. at 932 (citation omitted) (emphasis in original). We find that the present case requires minimal, if any, presuspension process *if postsuspension process is provided*. See Espinosa v. County of Union, 212 Fed App'x 146, 155 (3d Cir. 2007) ("a temporary suspension without pay generally does not require a predeprivation hearing" if "the suspended employee receives a sufficiently prompt postsuspension hearing.").

*a. Notice of the Charges*

"[P]retermination notice of the charges and evidence against an employee need not be in great detail as long as it allows the employee 'the opportunity to

determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges.'" McDaniels v. Flick, 59 F.3d 446, 457(3d Cir. 1995) (citing Gniotek v. City of Philadelphia, 808 F.2d 241, 244 (3d Cir. 1986)). The March 9th meeting provided Plaintiff with the reasons for her suspension that was to begin the following week. She was given a three-page letter detailing the purpose of the suspension. We find that the meeting and letter gave Plaintiff the opportunity to determine what facts might be presented in mitigation or denial of the charges.

### b. *Opportunity to Respond*

Plaintiff argues that she was denied an opportunity to respond to the charges during the March 9th meeting because the meeting was short in duration and she was overcome with anxiety. She also contends that she was not afforded any process after the meeting. Although she had previously appealed a suspension, Plaintiff believed it was the District's policy to preclude hearings before the School Board for actions short of termination. She chose to bring a complaint before the School Board that alleged Defendants Small and Jones were treating her unfairly by preventing her from questioning her staff about the missing funds. After the Board denied the relief she sought, Plaintiff then "attempted to work with Defendant Small in order to obtain a fair review of Defendants' conduct." (Doc. 40, ¶ 88).

If we accept the allegations in the complaint as true, as we must in a motion to dismiss, Plaintiff was not permitted to respond during the March 9th meeting, and no appeal process was available following her suspension. Although predeprivation

8

may not be required in the case of an unpaid suspension, some process must be provided. See Espinosa, 212 Fed App'x 146, 155 (3d Cir. 2007) ("a temporary suspension without pay generally does not require a predeprivation hearing") The lack of both pre- and post-deprivation relief states a claim for a due process violation.

### C. Claims Against the District

Defendants argue that Plaintiff has failed to state a claim against the District. In a § 1983 action, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (citations omitted). A municipality "can be held liable as a person under section 1983 when it unconstitutionally implements or enforces a policy statement, ordinance, regulation or decision officially adopted or promulgated by the officers of that municipality." Langford v. Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).

Plaintiff asserts that she alleged the District ratified the actions of Small and Jones by denying her complaint about Jones and Small refusing to allow her to speak with her staff about the missing funds. Plaintiff's argument is premised on the notion that she was denied due process when she was not allowed to speak with her staff about the missing funds. As previously explained, procedural due process requires notice and an opportunity to be heard. The notice must provide the plaintiff with "the opportunity to determine what facts, if any, *within his knowledge* might be presented in mitigation of or in denial of the charges." Gniotek, 808 F.2d at 244 (emphasis added). Plaintiff does not

cite any authority that indicates that the process required in the present case included an opportunity to interview her staff. Thus, we find that Plaintiff's argument fails.

Plaintiff also contends that the District adopted a policy that only permits a post-deprivation hearing in the event of a termination of employment. Her basis for this argument is that during the hearing of her appeal of her previous three-day suspension, Defendants' counsel objected because she believed such a hearing was not required. We do not find that a single instance in which counsel stated that a hearing was not required constitutes a policy made by "a decisionmaker possess[ing] final authority to establish municipal policy" who "issues an official proclamation, policy, or edict." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).

Finally, Plaintiff argues that the District had a custom of denying post-deprivation relief in all circumstances short of termination. A custom is "so permanent and well-settled as to virtually constitute law." Id. Plaintiff argues that the District's denial of her request to speak with her staff about the funds was part of a custom of denying post-deprivation relief. Because we have already found that Plaintiff has not shown that due process required her to have the opportunity to interview her staff, we do not find this argument persuasive. A custom may also be established by "evidence of knowledge and acquiescence." Id. Plaintiff argues that the denial of her complaint about Jones and Small gave the District knowledge of her alleged due process violation, and the failure to intervene to provide post-deprivation relief demonstrates acquiescence. "A single incident by a lower level employee acting under color of law, however, does not suffice to

establish either an official policy or a custom." Fletcher v. O'Donnell, 867 F.2d 791, 793 (3d Cir. 1989).  Even assuming Plaintiff established a custom, she has not "demonstrate[d] that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of County Comm'rs of Bryan County v. Bryan, 520 U.S. 397, 404, 137 L. Ed 2d 626, 117 S. Ct. 1382 (1997).  We find that Plaintiff has failed to state a claim against the District.

*IV.*     *Conclusion*

For the reasons above, Defendants' motion to dismiss will be denied in part and granted in part.  All claims against the District will be dismissed.  Plaintiff's claim as to her seniority benefits will also be dismissed.  Because we find that further amendment would be futile, leave to amend will not be granted.  See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).  Plaintiff's due process claim relating to her salary and $685 will remain as to Defendants Small and Jones.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN HERTZLER,
    Plaintiff

vs.     :    CIVIL NO. 1:12-CV-0534

WEST SHORE SCHOOL DISTRICT, *et al.*,
    Defendants

*O R D E R*

AND NOW, this 3rd day of January, 2013, upon consideration of Defendants' motion to dismiss (doc.43), and the briefs filed in response thereto, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendants' motion is GRANTED in part and DENIED in part.

    2. All claims against West Shore School District are dismissed with prejudice.

    3. Plaintiff's due process claim relating to her seniority rights is dismissed with prejudice.

    4. Plaintiff's due process claim relating to her five-day salary and $685 remains as to Defendants Small and Jones.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge